IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVARUS A. SHEAD,       § | |
|     Petitioner,      § | |
| § | |
| v.       § | CIVIL NO. 3:17-CV-0156-B-BK |
| § | |
| LORIE DAVIS, Director, TDCJ-CID,  § | |
|     Respondent.      § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

### I. BACKGROUND

In 2013, Petitioner was convicted of robbery and sentenced to 30 years' imprisonment. *State v. Shead*, No. F12-55877 (363rd Jud. Dist. Court, Dallas Cty., June 12, 2013), *aff'd*, No. 05-13-00880-CR, 2014 WL 6555273 (Tex. App. – Dallas, Oct. 23, 2014, pet ref'd). The Texas Court of Criminal Appeals subsequently denied state habeas relief. *Ex parte Shead*, No. WR-54,677-03 (Tex. Crim. App. Feb. 24, 2016).[1]

On January 18, 2017, Petitioner, proceeding *pro se*, filed this federal habeas petition. Doc. 3. Because his petition appeared untimely, the Court directed Petitioner to respond

---

[1] The online docket sheets are available at http://courtecom.dallascounty.org/publicaccess/ (enter No. W1255887A), and at http://search.txcourts.gov/Case.aspx?cn=WR-54,677-03&coa=coscca (both last visited December 19, 2017).

regarding the application of the one-year limitations period. Petitioner has now filed his original and supplemental responses. Doc. 8; Doc. 10.[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

### A. One-Year Statute of Limitations

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner's conviction became final on June 30, 2015 – 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on April 1, 2015.[3] *See* SUP. CT. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Thus, as of the filing of his state habeas application on October 16, 2015, 107 days of the one-year limitations period had elapsed.[4] The state application remained

---

[2] The dates listed in this recommendation were verified through information available on the state court Internet web pages.

[3] The online docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=PD-1485-14&coa=coscca (last visited December 19, 2017).

[4] The state application is deemed filed on October 16, 2015, the date on which Petitioner signed it and likely also handed it to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application); *see also Ex parte Shead*, No. W1255887A, *Application for Writ* (363rd Jud. Dist. Court, Dallas Cty., Tex.), available at http://courtecom.dallascounty.org/publicaccess/ (enter No. W1255887A) (last visited December 19, 2017).

pending until its denial on February 24, 2016, statutorily tolling the one-year limitations period during its pendency. 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The one-year period resumed running on February 25, 2016, and expired on November 9, 2016. The petition is deemed filed on January 11, 2017.[5] Consequently, the federal petition was filed more than 60 days outside the one-year limitations period found in section 2244(d)(1)(A).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented the timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Moreover, Petitioner's reliance in his reply on 28 U.S.C. § 2244(b)(2)(B)(i)-(ii) is misplaced. Doc. 7 at 1-2. Those sections apply only to claims presented in a successive habeas application and, thus, are inapplicable here. Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

## B. Equitable Tolling

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.

---

[5] A federal petition is deemed filed when the prisoner tenders it to prison officials for mailing. Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system). Petitioner signed the petition on December 5, 2016, but it was not until January 11, 2017 that the certificate of inmate trust account that he mailed to the Court along with his petition and request for leave to proceed *in forma pauperis* was printed. Doc. 3 at 10; Doc. 4 at 3-4. Therefore, in the absent any evidence to the contrary, the federal petition is deemed filed on January 11, 2017, the earliest date Petitioner logically could have mailed it.

*Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He squandered the entire one-year period, waiting more than three and one-half months after his conviction first became final, before he filed his state habeas application. Petitioner also waited more than ten months after his state application was denied to submit his federal petition for mailing. These extended periods of inactivity clearly indicate a lack of due diligence.

In his supplemental response, Petitioner complains about the arrogant conduct of the assistant district attorney before trial and following the jury verdict. Doc. 10 at 1-2. Insofar as he requests the Court to equitably toll the one-year limitations period, his assertions do not qualify as extraordinary circumstances that prevented the timely filing of his federal petition. Matters that occurred long before Petitioner's state conviction ever became final do not advance his position here.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional'

circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### C. Actual Innocence

In his supplement response, Petitioner claims that he is "totally innocent." Doc. 10 at 1. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). It is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner's actual innocence claim is conclusory. He alleges neither specific facts nor newly discovered evidence that would undermine this Court's confidence in the jury's guilty verdict. Doc. 10 at 1-2. *See Perkins*, 569 U.S. 386 (quoting *Schlup*, 513 U.S. at 329) (a

petitioner presents a credible claim of actual innocence by producing new evidence that is sufficient to persuade the court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'"). Instead, Petitioner merely makes reference to his state habeas petition and "attached new evidence and grounds." Doc. 10 at 1. Thus, his conclusory assertion that he is "totally innocent" does not even come close to satisfying the rigorous standard in *Schlup*. *See Cannon v. McCain*, 2017 WL 4570498, at *1 (5th Cir. July 6, 2017) (denying certificate of appealability because claim of actual innocence was conclusory and not supported by any new, reliable evidence). Consequently, the "actual innocence" exception is not applicable in this case, and Petitioner's federal petition should be dismissed as time barred.

### III. RECOMMENDATION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** January 13, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE